## M. Ellis, et al., v. Mary Baker.

**Real Estate—Title Bond of Married Woman.**
> While a title bond executed only by a married woman is not enforcible, when she receives the purchase price and purchases other property with it, a court of equity will not permit her to retain both the purchase money and the property sold on such bond.

### APPEAL FROM DAVIESS CIRCUIT COURT.

October 21, 1874.

Opinion by Judge Pryor:

There is no doubt but what Mrs. Ellis, upon the payment of the money for which her lot was sold, was entitled to the rights of Sutton, the purchaser, all of which appears from the orders made in the case. The question then arises as to how Barker obtained the title. This lot had been sold and purchased by Sutton to satisfy a debt due by Mrs. Ellis to McDonald. Mrs. Ellis, in order to save the lot, sold it to Baker, or if sold prior thereto, received the money, a part of which satisfied the McDonald debt, and although the record shows that the money was paid by Mrs. Ellis, it was really paid by Baker, who held the bond of Ellis and wife for title. Swope was the attorney for all the parties in connection with the payment of this money, and it being paid by Baker, the attorney under the authority of Mrs. Ellis and Barker had the order made directing the deed to be made to Baker, so Baker was in fact substituted as purchaser, he paying the purchase money; and not only so, but he paid the entire consid-

eration for the lot, and with the money, Ellis and wife, after paying the McDonald debt, purchased another house and lot which they now occupy.

The bond of a *feme covert* for title cannot, it is true, be enforced; but when she receives the money and purchases other real estate, the chancellor will not favor her so much as to give her the land she sold and permit her to retain what she purchased. There is no equity in this case for the appellant. Baker relieved the property purchased by Sutton from the McDonald debt, and was substituted to the rights of both Mrs. Ellis and Sutton by reason of this payment. The order made for the deed at a time when the case was off the docket was made by the demands of the parties, and if not, Baker is entitled to a deed. The appellant must do equity before asking it.

Judgment *affirmed*.

*Ray & Walker, for appellants.*
*Sweeney & Stuart, for appellee.*